**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | : **Case No. 1:23-cr-00122 (APM)** |
| | : |
| | : |
| **STEVEN PRICE and** | : |
| **KEIDI MOORE,** | : |
| | : |
| **Defendants** | : |
| | : |

**DEFENDANT MOORE'S MOTION FOR SUPPLEMENTAL INSTRUCTION
CONCERNING KNOWLEDGE AND INTENT AS TO INTERSTATE COMMERCE**

Defendant Keidi Moore, through undersigned counsel, respectfully requests a supplemental, mid-deliberations instruction to the jury, in response to a jury note, to the effect that knowledge and intent are required as to her concerning the interstate commerce element of all charged offenses.  Grounds for this request are set forth in the attached set of emails, as well as, we anticipate, argument this morning.  We further request strictly limited supplemental argument to the jury, on this sole question, as reflected in the attached emails.  We submit that the supplemental instruction we request, which we will attempt to draft for the Court's consideration before the case resumes this morning, is consistent with the instructions already administered to the jury, particularly pages 23-24 of the instructions concerning aiding and abetting.

*/s/* Barry Coburn
Barry Coburn, DC Bar No. 358020
Coburn & Eisenstein PLLC
1200 G Street, NW, Suite 800
Washington, DC  20005
202-643-9472
barry@coburngreenbaum.com
*Counsel for Defendant Moore*

\

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 26, 2026, I caused true and correct copies of the foregoing document to be served via electronic filing upon all counsel of record via the ECF system and/or e-mail.

/s/ Barry Coburn

_____



**Barry Coburn <barry@coburngreenbaum.com>**

---

## Re: [EXTERNAL] Re: Note
1 message

**Barry Coburn** <barry@coburngreenbaum.com>                                                      Thu, Feb 26, 2026 at 5:42 AM
To: Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
Cc: "Muoio, Molly" <molly.muoio@morganlewis.com>, "Lucas, Diane (USADC)" <Diane.Lucas@usdoj.gov>, "Weitz, Justin" <justin.weitz@morganlewis.com>, "Ranney, Sarah (USADC)" <Sarah.Ranney@usdoj.gov>, "Fishbein, Daniel C." <daniel.fishbein@morganlewis.com>, "Ayanian, Joseph Z." <joseph.ayanian@morganlewis.com>, "Ahdieh, Emily" <emily.ahdieh@morganlewis.com>, John Pierce <jpierce@lilesparker.com>, Anes Sung <Anes_Sung@dcd.uscourts.gov>
Bcc: Barry Coburn <barry@coburngreenbaum.com>

Mr. Burton -- Apologies for the serial, early-morning emails.  Here are two cases which appear contrary to *Alsobrook* in the wire fraud context.  I disagree with their holdings and will respectfully submit that the knowledge requirement in *Alsobrook*, as to interstate commerce, applies here, at least in the context of an alleged aider-and-abettor.  Barry

---

☐  1. Ⓐ **United States v. Price**

2nd Circuit - US Court of Appeals Cases  │  United States Court of Appeals for the Second
Circuit  │  Apr 22, 2010  │  374 Fed. Appx. 189

> **Overview:**  Evidence was sufficient to convict defendants on a wire fraud count where a
> rational jury could have concluded that an e-mail upon which the count was based
> traveled in interstate commerce and was sent in furtherance of a conspiracy to sell
> fraudulent surety bonds. Any error in admitting Fed. R. Evid. 404(b) past crimes evidence
> was harmless.

**7** Citing Decisions
Most Cited Headnote:

*Wire Fraud, Elements*

*Shepardize®*

Summary

Terms: Summary

... furtherance of a conspiracy involving fraudulent surety bonds. Interpreting
the **wire fraud** statute as applying to defendants who did not **intent** for their
communications to travel in **interstate commerce** did not violate the Commerce Clause
; there was no mens rea requirement as to the ...

View this passage in full document

---

☐  2. Ⓐ **United States v. Clark**

3rd Circuit - US District Court Cases  │  United States District Court for the District of the Virgin
Islands, Division of St. Thomas and St. John  │  Feb 24, 2000  │  123 F. Supp. 2d 314

> **Overview:**  Wire fraud indictment was sufficient to provide proper notice of the charges.
> Court had federal subject matter jurisdiction because wire transfer was sufficiently closely
> related to defendants' scheme.

Opinions

Terms: Opinion

... Each of these arguments fails under the law. A. Clark's **Intent** That the Wire Transfer
Occur in **Interstate Commerce** Courts have routinely held that "there is no mens rea
requirement as to the purely **jurisdictional** element of interstate communication under
the **wire** ...

View this passage in full document

Barry Coburn
Coburn & Eisenstein PLLC
1200 G Street, NW
Suite 800
Washington, DC  20005
(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Thu, Feb 26, 2026 at 5:08 AM Barry Coburn <barry@coburngreenbaum.com> wrote:
Mr. Burton -- I should have noted several additional things in my note below:

First, I should note that *Alsobrook* is a Travel Act case.  Second, there is another case, *United States v. Hayes*, 739 F.2d 236 (6th Cir. 1984), which refers to the *Alsobrook* holding as a "minority view."  I have not yet completed my research to see if there is another case like *Alsobrook* in the context of the particular offenses charged here, though I suspect my colleagues will be able to help in that regard.  And finally, depending on how the Court rules on this question, I may ask the Court to consider allowing the parties five minutes each of supplemental argument to the jury, strictly limited as to time and subject matter.
Best, Barry

Barry Coburn
Coburn & Eisenstein PLLC
1200 G Street, NW
Suite 800
Washington, DC  20005
(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Thu, Feb 26, 2026 at 4:29 AM Barry Coburn <barry@coburngreenbaum.com> wrote:
Hello Mr. Burton, thank you for letting us know.  Just to allow time for review before we assemble this morning, I am forwarding a case which appears to stand for the proposition that, at least for an aider and abetter, there is a knowledge requirement as to interstate commerce.  Other aspects of the case have been cited with approval by our Court of Appeals and by two district judges in our district.  Best regards, Barry

Barry Coburn
Coburn & Eisenstein PLLC
1200 G Street, NW
Suite 800
Washington, DC  20005
(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Wed, Feb 25, 2026 at 4:56 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

Counsel,

We received a note that will require the parties' presence tomorrow; please appear at 9:15 AM. The note will be on the docket and available to the parties shortly.

Get Outlook for iOS

**From:** Muoio, Molly <molly.muoio@morganlewis.com>
**Sent:** Wednesday, February 25, 2026 4:19:53 PM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>; Barry Coburn <barry@coburngreenbaum.com>
**Cc:** Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
**Subject:** RE: [EXTERNAL] Re: Note

CAUTION - EXTERNAL:

Thank you, Mr. Burton. Have a nice evening.

**Molly Muoio**

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541

Direct: +1.202.739.5864 | Main: +1.202.739.3000 | Fax: +1.202.739.3001

molly.muoio@morganlewis.com | www.morganlewis.com



**From:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Sent:** Wednesday, February 25, 2026 4:18 PM
**To:** Barry Coburn <barry@coburngreenbaum.com>
**Cc:** Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis. com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
**Subject:** RE: [EXTERNAL] Re: Note


[EXTERNAL EMAIL]

The jury has been dismissed for the day and will resume tomorrow at 9:15 AM.

---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Wednesday, February 25, 2026 9:47 AM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Cc:** Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis. com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
**Subject:** Re: [EXTERNAL] Re: Note


**CAUTION - EXTERNAL:**


Much appreciated, Mr. Burton.


Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Wed, Feb 25, 2026 at 9:41 AM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

> Good morning,
>
> Just wanted to let everyone know that the jury resumed their deliberations.

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Tuesday, February 24, 2026 4:21 PM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Cc:** Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
**Subject:** Re: [EXTERNAL] Re: Note

**CAUTION - EXTERNAL:**

Hi everyone, I just saw a juror walking down the hall with her coat on, which likely connotes that they are departing for the day.   Best, Barry

Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com

On Tue, Feb 24, 2026 at 4:10 PM Barry Coburn <barry@coburngreenbaum.com> wrote:

Hi Mr. Burton, just checking if the jury is still planning a 4:15pm departure today.  Best, Barry

Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com

On Mon, Feb 23, 2026 at 4:28 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

All,

To answer Mr. Weitz's question, the jury conveniently submitted the attached note. Accordingly, they have been dismissed for the day and will resume tomorrow morning at 9:15.

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Monday, February 23, 2026 4:18 PM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Cc:** Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z.

<joseph.ayanian@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily
<emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
**Subject:** Re: [EXTERNAL] Re: Note

**CAUTION - EXTERNAL:**

Thanks very much for letting us know.

Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com

On Mon, Feb 23, 2026 at 4:16 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

> Thanks all. We gave them one copy as requested.
>
> ---
>
> **From:** Barry Coburn <barry@coburngreenbaum.com>
> **Sent:** Monday, February 23, 2026 4:13 PM
> **To:** Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>
> **Cc:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>; Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah
> (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z.
> <joseph.ayanian@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily
> <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
> **Subject:** Re: [EXTERNAL] Re: Note
>
> **CAUTION - EXTERNAL:**
>
> Hi Mr. Burton, just making sure you received Mr. Pierce's email.  Ms. Lucas is right -- the attached is the exhibit.  Best, Barry
>
> Barry Coburn
> Coburn & Eisenstein PLLC
>
> 1200 G Street, NW
> Suite 800
> Washington, DC  20005
>
> (Please note:   Suite number must be stated or delivery will not be made)
> Universal direct dial:  202-643-9472 (work and cellphone)
> Firm main number:  202-630-2844 (answered only by voicemail)
> Fax:  866-561-9712 (toll-free)
> www.coburngreenbaum.com
>
> On Mon, Feb 23, 2026 at 4:08 PM Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov> wrote:

Coburn & Greenbaum PLLC Mail - Re: [EXTERNAL] Re: Note

Hello Mr. Burton,

I believe that this is the exhibit – Mr. Coburn please correct me if I am wrong.

Diane

---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Monday, February 23, 2026 4:04 PM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Cc:** Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
**Subject:** Re: [EXTERNAL] Re: Note

Working on it now, Mr. Burton.  Best, Barry

Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com

On Mon, Feb 23, 2026 at 4:00 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

I do not at this time - I presume 5 tops.

Also, we just received the attached note. If there's no objection from any parties, can Ms. Moore's team send a pdf of the exhibit over for us to print for the jury?

---

**From:** Weitz, Justin <justin.weitz@morganlewis.com>
**Sent:** Monday, February 23, 2026 3:54 PM
**To:** Barry Coburn <barry@coburngreenbaum.com>; Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Cc:** Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
**Subject:** Re: [EXTERNAL] Re: Note

**CAUTION - EXTERNAL:**

Mr. Burton - do you know how long the jury is going today?

Thanks-

Justin

---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Monday, February 23, 2026 3:34:08 PM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Cc:** Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Weitz, Justin <justin.weitz@morganlewis.com>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
**Subject:** Re: [EXTERNAL] Re: Note

[EXTERNAL EMAIL]

Thanks for letting us know, Mr. Burton.  We have no request associated with this.  Best, Barry


Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com



On Mon, Feb 23, 2026 at 3:29 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

> All,
>
> We received a note that said "the jury has selected juror #15 at the jury foreman". Presumably, no action is needed of the parties. If the judge states otherwise, I'll let everyone know.
>
> ---
>
> **From:** Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>
> **Sent:** Monday, February 23, 2026 2:20 PM
> **To:** Barry Coburn <barry@coburngreenbaum.com>; Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
> **Cc:** Weitz, Justin <justin.weitz@morganlewis.com>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
> **Subject:** RE: [EXTERNAL] Re: Note
>
> CAUTION - EXTERNAL:
>
> Thanks, Mr. Burton—we're on our way.
>
> ---
>
> **From:** Barry Coburn <barry@coburngreenbaum.com>
> **Sent:** Monday, February 23, 2026 2:17 PM
> **To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>

Cc: Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
**Subject:** [EXTERNAL] Re: Note


On our way.


Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Mon, Feb 23, 2026 at 2:16 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

All, we just received a note. Please come to the courtroom.


Get Outlook for iOS

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Monday, February 23, 2026 1:11:19 PM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Cc:** Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Anes Sung <Anes_Sung@dcd.uscourts.gov>
**Subject:** Re: Note


**CAUTION - EXTERNAL:**


No apology needed!


Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Mon, Feb 23, 2026 at 1:08 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

All,

Apologies for the double email: It may actually be a better idea for the parties to appear at 1:25.
We received a note from the jury.

---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Monday, February 23, 2026 1:02 PM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Cc:** Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein,
Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Muoio,
Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce
<jpierce@lilesparker.com>; Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Anes Sung
<Anes_Sung@dcd.uscourts.gov>
**Subject:** Re: Note

**CAUTION - EXTERNAL:**

Very much appreciated.

Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com

On Mon, Feb 23, 2026 at 1:00 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

> Thanks for checking, I believe the judge wants the parties in the courtroom by 1:30.

---

> **From:** Barry Coburn <barry@coburngreenbaum.com>
> **Sent:** Monday, February 23, 2026 12:58 PM
> **To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
> **Cc:** Weitz, Justin <justin.weitz@morganlewis.com>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Fishbein,
> Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Muoio,
> Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce
> <jpierce@lilesparker.com>; Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Anes Sung
> <Anes_Sung@dcd.uscourts.gov>
> **Subject:** Re: Note

> **CAUTION - EXTERNAL:**

> Hi Mr. Burton, just making sure, are we due back at 1:25pm?  Best, Barry

Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC 20005

(Please note: Suite number must be stated or delivery will not be made)
Universal direct dial: 202-643-9472 (work and cellphone)
Firm main number: 202-630-2844 (answered only by voicemail)
Fax: 866-561-9712 (toll-free)
www.coburngreenbaum.com

On Sun, Feb 22, 2026 at 8:21 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

Good evening,

I hope everyone's weekend has been relaxing. Please note that Judge Mehta is asking the parties to please appear at **10:30 AM** to further inquire of the juror in seat #8.

See everyone tomorrow morning, and stay safe, all.

---

**From:** Weitz, Justin <justin.weitz@morganlewis.com>
**Sent:** Friday, February 20, 2026 2:16:15 PM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Barry Coburn <barry@coburngreenbaum.com>
**Cc:** Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh, Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>
**Subject:** RE: Note

    CAUTION - EXTERNAL:

Thank you Mr. Burton. We agree with the Judge's approach.

Justin

**Justin Weitz**

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541

Direct: +1.202.739.5932 | Main: +1.202.739.3000 | Fax: +1.202.739.3001

Assistant: Christina M. Lago | +1.202.739.5301 | christina.lago@morganlewis.com

justin.weitz@morganlewis.com | www.morganlewis.com



---

**From:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Sent:** Friday, February 20, 2026 2:08 PM
**To:** Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>; Barry Coburn <barry@coburngreenbaum.com>
**Cc:** Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Weitz, Justin <justin.weitz@morganlewis.com>; Muoio, Molly <molly.muoio@morganlewis.com>; Ahdieh,

Emily <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Lucas, Diane (USADC)
<Diane.Lucas@usdoj.gov>
**Subject:** RE: Note


[EXTERNAL EMAIL]

Counsel,


I received the below email (email address and name excluded) from the foreperson. The judge
indicated to me that he does not plan to take any action on this matter.


Hi Alex,


I wanted to bring something to your attention about behavior that happened after the discussions in the court room prior to
the judge dismissing us for the day.


I don't want this to become a persisting pattern where every incident becomes a sidebar but I just felt very uncomfortable
about what was said and felt it rose to the level of sharing.


After speaking with the judge, the juror came back into the room saying that she would not bring anything else into the
juror room but then said I'll just bring a crochet needle.


It felt personal and it felt directed toward certain jurors and I just wanted to bring it to the attention of the court because it
feels as though the behavior is escalating.


I respect that the judge wants us to clear our heads this weekend and I fully intend to abide, I just wanted to share this as
well.


Best,


**From:** Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>
**Sent:** Friday, February 20, 2026 10:36 AM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>; Barry Coburn <barry@coburngreenbaum.com>
**Cc:** Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Weitz, Justin <justin.weitz@morganlewis.com>; molly.muoio@morganlewis.com;
emily.ahdieh@morganlewis.com; John Pierce <jpierce@lilesparker.com>; Lucas, Diane (USADC)
<Diane.Lucas@usdoj.gov>
**Subject:** Re: Note


CAUTION - EXTERNAL:


Hi Mr. Burton,


We heard from Mr. Coburn that there is a jury note- just confirming that this is one requiring the parties' presence in the
courtroom?


Best,

Sarah

**From:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Sent:** Friday, February 20, 2026 9:01 AM
**To:** Barry Coburn <barry@coburngreenbaum.com>
**Cc:** Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Weitz, Justin <justin.weitz@morganlewis.com>; molly.muoio@morganlewis.com <molly.muoio@morganlewis.com>; emily.ahdieh@morganlewis.com <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Lucas, Diane (USADC) <Diane.Lucas@usdoj.gov>; Ranney, Sarah (USADC) <Sarah.Ranney@usdoj.gov>
**Subject:** [EXTERNAL] Re: Note


No need to appear this morning.

---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Friday, February 20, 2026 8:43:34 AM
**To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
**Cc:** Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Weitz, Justin <justin.weitz@morganlewis.com>; molly.muoio@morganlewis.com <molly.muoio@morganlewis.com>; emily.ahdieh@morganlewis.com <emily.ahdieh@morganlewis.com>; John Pierce <jpierce@lilesparker.com>; Diane.Lucas@usdoj.gov <diane.lucas@usdoj.gov>; sarah.ranney@usdoj.gov <sarah.ranney@usdoj.gov>
**Subject:** Re: Note


**CAUTION - EXTERNAL:**


Hi Mr. Burton, just making sure we're not expected to be in the courtroom at 9:30 this morning.  Best, Barry


Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Thu, Feb 19, 2026 at 4:25 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

> All,
>
> The jury has been dismissed for the day. We also just got the attached note and will accommodate the request accordingly.
>
> Have a good night, all.
>
> **From:** Barry Coburn <barry@coburngreenbaum.com>
> **Sent:** Thursday, February 19, 2026 2:47 PM
> **To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>
> **Cc:** Fishbein, Daniel C. <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>; Weitz, Justin <justin.weitz@morganlewis.com>;

molly.muoio@morganlewis.com; emily.ahdieh@morganlewis.com; John Pierce <jpierce@lilesparker.com>;
Diane.Lucas@usdoj.gov; sarah.ranney@usdoj.gov
**Subject:** Re: Note


**CAUTION - EXTERNAL:**


Hello everyone, there's a jury note, we need to head to the courtroom now.  Barry


Barry Coburn
Coburn & Eisenstein PLLC

1200 G Street, NW
Suite 800
Washington, DC  20005

(Please note:   Suite number must be stated or delivery will not be made)
Universal direct dial:  202-643-9472 (work and cellphone)
Firm main number:  202-630-2844 (answered only by voicemail)
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Thu, Feb 19, 2026 at 1:46 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

> Great catch – copied them here.
>
>
> **From:** Barry Coburn <barry@coburngreenbaum.com>
> **Sent:** Thursday, February 19, 2026 1:44 PM
> **To:** Alexander Burton <Alexander_Burton@dcd.uscourts.gov>; Fishbein, Daniel C.
> <daniel.fishbein@morganlewis.com>; Ayanian, Joseph Z. <joseph.ayanian@morganlewis.com>
> **Cc:** Weitz, Justin <justin.weitz@morganlewis.com; molly.muoio@morganlewis.com;
> emily.ahdieh@morganlewis.com; John Pierce <jpierce@lilesparker.com>; Anes Sung
> <Anes_Sung@dcd.uscourts.gov>
> **Subject:** Re: Note
>
>
> **CAUTION - EXTERNAL:**
>
>
> Much appreciated, Mr. Burton.  I guess you sent a separate email to the government?  Just making sure.  Best,
> Barry
>
>
> Barry Coburn
> Coburn & Eisenstein PLLC
>
> 1200 G Street, NW
> Suite 800
> Washington, DC  20005
>
> (Please note:   Suite number must be stated or delivery will not be made)
> Universal direct dial:  202-643-9472 (work and cellphone)
> Firm main number:  202-630-2844 (answered only by voicemail)
> Fax:  866-561-9712 (toll-free)
> www.coburngreenbaum.com
>
>
> On Thu, Feb 19, 2026 at 1:42 PM Alexander Burton <Alexander_Burton@dcd.uscourts.gov> wrote:

All,

We received the attached (redacted) note from the jury. They were provided the requested easel with blank paper.



Alexander Burton

Courtroom Deputy to the Honorable Amit P. Mehta

U.S. Bankruptcy and District Court for the District of Columbia

333 Constitution Ave, NW,  Washington, DC 20001

(202) 354-3142

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**



**image006.png**
74K



**User Name:** Barry Coburn
**Date and Time:** Thursday, February 26, 2026 4:02☐AM EST
**Job Number:** 276833436

## Document (1)

1. _United States v. Alsobrook, 620 F.2d 139_
   **Client/Matter:** moore

⚠ Caution
As of: February 26, 2026 9:02 AM Z

# *United States v. Alsobrook*

United States Court of Appeals for the Sixth Circuit

February 1, 1980, Argued ; May 22, 1980, Decided

Nos. 79-5226, 79-5227

**Reporter**

620 F.2d 139 *; 1980 U.S. App. LEXIS 17305 **

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. RONALD TED ALSOBROOK and GEORGE ALVIN ROLLS, Defendants-Appellants

**Prior History:  [**1]**  APPEAL from the United States District Court for the Eastern District of Michigan, Southern Division.

## Core Terms

travel, roll, indictment, interstate travel, interstate, interstate commerce, bookmaking, single count, duplicitous, airport

## Case Summary

### Procedural Posture

Defendants challenged the decision of the United States District Court for the Eastern District of Michigan, which convicted them of traveling in interstate commerce with the intent to carry on an unlawful gambling activity in violation of the Travel Act, *18 U.S.C.S. § 1952*. Defendant abettor was also convicted of aiding and abetting defendant principal, *18 U.S.C.S. § 2*.

### Overview

The abettor picked the principal up at the Detroit airport on several weekend trips from California. The evidence showed that the principal conducted illegal gambling in Detroit on these weekends. The district court convicted the principal and the abettor of traveling in interstate commerce with the intent to carry on an unlawful gambling activity in violation of the Travel Act, *18 U.S.C.S. § 1952*. The principal challenged the indictment alleging that it was duplicitous. On appeal the court affirmed, holding that the fairer interpretation of the indictment was that it alleged a continuing course of interstate travel consisting of the specific travel dates listed in the second paragraph. The government's theory of prosecution was sufficiently clear to provide adequate notice of the charges against the principal and to preclude any potential for double jeopardy. The abettor challenged the jury charge. Affirming again, the court held that it was necessary for a conviction for the abettor to have had actual knowledge of interstate travel, and the jury charge did not provide this actual language. However, the overwhelming evidence of the abettor's knowledge made this error harmless.

### Outcome

The court affirmed the convictions because the principal's indictment under the Travel Act alleged a continuing course of interstate travel consisting of specific travel dates, rather than duplicitous counts of the same offense. In addition, the abettor's jury charge did not allege actual knowledge of interstate travel, but this was harmless error in the face of the overwhelming evidence of his actual knowledge.

620 F.2d 139, *139; 1980 U.S. App. LEXIS 17305, **1

## LexisNexis® Headnotes

Criminal Law &
Procedure > ... > Racketeering > Travel
Act > Elements

Criminal Law &
Procedure > ... > Racketeering > Travel
Act > General Overview

Criminal Law &
Procedure > ... > Racketeering > Travel
Act > Penalties

**HN1[⬇]  Travel Act, Elements**

Under the Travel Act, each act of interstate
travel and each use of an interstate facility
constitutes a punishable offense.

Criminal Law & Procedure > ... > Defective
Joinder &
Severance > Duplicity > Definition of
Duplicity

Criminal Law &
Procedure > ... > Accusatory
Instruments > Indictments > General
Overview

Criminal Law & Procedure > ... > Defective
Joinder &
Severance > Multiplicity > General
Overview

Criminal Law &
Procedure > Trials > Verdicts > Unanimity

**HN2[⬇]  Duplicity, Definition of Duplicity**

The validity of indictments that consolidate
several acts into a single count will be upheld
when such acts represent a single, continuing

scheme that occurred within a short period of
time and that involved the same defendant.
The determination of whether a group of acts
represents a single, continuing scheme or a
set of separate and distinct offenses must be
left at least initially to the discretion of the
prosecution. This discretion, however, is not
without limits. The indictment must be
measured in terms of whether it exposes the
defendant to any of the inherent dangers of a
duplicitous indictment, including the possibility
that the defendant may not be properly notified
of the charges against him, that he may be
subjected to double jeopardy, that he may be
prejudiced by trial evidentiary rulings, and that
he may be convicted by a less than unanimous
verdict. If any of these dangers are present,
the acts of the defendant should be separated
into different counts even though they may
represent a single, continuing scheme.

Criminal Law &
Procedure > ... > Racketeering > Travel
Act > General Overview

**HN3[⬇]  Racketeering, Travel Act**

See *18 U.S.C.S. § 1952*.

Criminal Law &
Procedure > Accessories > Aiding &
Abetting

Criminal Law &
Procedure > ... > Racketeering > Travel
Act > General Overview

Criminal Law & Procedure > ... > Acts &
Mental States > Mens Rea > Knowledge

**HN4[⬇]  Accessories, Aiding & Abetting**

It is necessary for a conviction of a defendant
as an aider or abettor under the Travel Act that

620 F.2d 139, *139; 1980 U.S. App. LEXIS 17305, **1

the jury find beyond a reasonable doubt that he had actual knowledge of the principal's interstate travel.

**Counsel:** Neil H. Fink, Detroit, Mich., for defendant-appellant in 79-5226.

John J. McDonald, William Wolfram, Farmington Hills, Mich., for defendant-appellant in 79-5227.

James K. Robinson, U. S. Atty., Leah Simms, Detroit, Mich., for plaintiff-appellee in both cases.

**Judges:** Before EDWARDS, Chief Judge, and CELEBREZZE and BROWN, Circuit Judge.

**Opinion by:** BROWN

## Opinion

 **[\*141]**  The defendant, Ronald Alsobrook, was convicted of traveling in interstate commerce with the intent to carry on an unlawful gambling activity in violation of the Travel Act, _18 U.S.C. § 1952_. The defendant, George Rolls, was convicted under _18 U.S.C. § 2_ of aiding and abetting Alsobrook. Both defendants appeal.

I

The evidence introduced at the defendants' trial, viewed in the light most favorable to the government, established the following facts. Throughout the fall of 1977, Alsobrook operated an illegal bookmaking business in Michigan. Sometime prior to October, 1977, however, Alsobrook moved at least part of his family from Michigan to California so that his daughter, an excellent swimmer, could **[\*\*2]** train for the 1980 Olympics.

On October 28, 1977, FBI agents observed Alsobrook being picked up at the Detroit airport by a friend in a car that, subsequent

investigation revealed, was rented by Rolls. Alsobrook registered at a local hotel where he listed his residence as Mission Viejo, California. After conducting his bookmaking operation and using this car leased by Rolls over the weekend, he was driven to the airport in it on Monday, October 31. Alsobrook was subsequently seen boarding a flight leaving Detroit.

On December 8, 1977, FBI agents in Los Angeles observed Alsobrook boarding a flight bound for Detroit. Upon his arrival in Detroit, Alsobrook followed the same routine that he established in October. He was picked up at the airport in the car rented by Rolls, registered at the hotel as a resident of California, operated his bookmaking business over the weekend and then was dropped off at the airport in the car rented by Rolls.

Additional proof was introduced showing a pattern of travel by Alsobrook from California to Michigan and then returning to California. Several airline tickets reflected these weekend trips. On each occasion, Alsobrook followed the same routine **[\*\*3]** once he reached Detroit.

The exact role of Rolls in the gambling operation was never clearly established. Several witnesses, however, testified that they had placed bets with either Alsobrook or Rolls in the fall of 1977 and that one of the defendants, not necessarily the one who had initially accepted the bet, had subsequently collected or paid the bet. Moreover, telephone records indicated that Alsobrook called Rolls on several occasions during his visits to Michigan. Rolls never personally met Alsobrook at the airport, but on each of his visits, as stated, Alsobrook was picked up in a car rented by Rolls.

From this evidence, the jury could have reasonably concluded that Alsobrook traveled in interstate commerce on October 28 and

620 F.2d 139, *141; 1980 U.S. App. LEXIS 17305, **3

December 8 with the intent to conduct an illegal bookmaking operation in Michigan and that he subsequently operated that bookmaking enterprise. [1] In addition, on the basis of Rolls' connections with the bookmaking operation and the use of the car leased to him by Alsobrook, the jury could have reasonably concluded that Rolls had knowledge of the interstate travel by **[*142]** Alsobrook [2] and that he acted to facilitate that interstate travel. Accordingly, **[**4]** we believe that the evidence introduced at the defendants' trial was sufficient to sustain the convictions of both defendants, absent some prejudicial error in the rulings of the district court. Alsobrook and Rolls have raised different issues in challenging those rulings.

II

Alsobrook contends that the indictment **[**5]** was duplicitous and therefore invalid. The indictment consisted of a single count charging a violation of the Travel Act. The count contained two paragraphs. The first paragraph alleged that "on or about September 1, 1977, and continuously thereafter," Alsobrook traveled in interstate commerce with the intent to aid unlawful gambling activity. The second paragraph listed six dates on which Alsobrook allegedly traveled between California and Michigan "as part of and in willful promotion of said unlawful activity." [3]

_____

[1]. The principal defense of Alsobrook at his trial was that he remained a resident of Michigan throughout the fall of 1977 and that therefore his travel from California to Michigan was for the purpose of returning home. On this basis, Alsobrook contended that he did not travel with the intent to promote an illegal business enterprise. We believe that there was sufficient evidence from which the jury could have concluded that Alsobrook stayed primarily in California and flew to Michigan on weekends to conduct his bookmaking operation. Under these circumstances, the legal residence of Alsobrook would appear irrelevant.

[2]. We discuss, infra, the necessity of proving actual knowledge by Rolls.

[3]. Four of these travel dates involved trips from Michigan to

Our initial problem is one of construction. Alsobrook maintains that the indictment should be construed to allege a single act of interstate travel that occurred "on or about September 1, 1977." While some **[**6]** of the language in the indictment supports such an interpretation, the fairer interpretation of the indictment is that it alleges a continuing course of interstate travel consisting of the specific travel dates listed in the second paragraph of the indictment. Construed in this manner, the critical issue is whether the inclusion of more than one act of interstate travel in a single count rendered the indictment duplicitous.

*HN1*[⬆] Under the Travel Act, each act of interstate travel and each use of an interstate facility constitutes a punishable offense. *United States v. Polizzi, 500 F.2d 856, 898 (9th Cir. 1974)*. Thus, the grand jury could have indicted Alsobrook in separate counts for each of his trips to Michigan. If the prosecution had drafted the indictment in this manner, Alsobrook would have been exposed to the possibility of a more severe penalty. Instead, however, the prosecution elected to characterize the actions of Alsobrook as a continuing course of conduct that represented only a single offense.

*HN2*[⬆] Several courts have upheld the validity of indictments that consolidate several acts into a single count when such acts represent a single, continuing scheme that occurred within **[**7]** a short period of time and that involved the same defendant. See *United States v. Girard, 601 F.2d 69 (2nd Cir. 1979)*; *United States v. Pavloski, 574 F.2d 933 (7th Cir. 1978)*; *Cohen v. United States, 378 F.2d 751* (9th Cir.), cert. denied, *389 U.S. 897, 88 S. Ct. 217, 19 L. Ed. 2d 215 (1967)*. The determination of whether a group of acts

_____

California. These dates were stricken from the indictment at the conclusion of the proof for the reason that the government had failed to show any acts by Alsobrook while in California that furthered any unlawful activity.

represents a single, continuing scheme or a set of separate and distinct offenses is a difficult one that must be left at least initially to the discretion of the prosecution. This discretion, however, is not without limits. See e. g., *United States v. Tanner, 471 F.2d 128 (7th Cir. 1972)*. Ultimately, the indictment must be measured in terms of whether it exposes the defendant to any of the inherent dangers of a duplicitous indictment. See *United States v. Pavloski, supra.* Those dangers include the possibility that the defendant may not be properly notified of the charges against him, that he may be subjected to double jeopardy, that he may be prejudiced by evidentiary rulings during the trial, and that he may be convicted by a less than unanimous verdict. If any of these dangers are present, the acts of the defendant should be separated into different **[**8]** counts even though they may represent a single, continuing scheme.

In this case, we believe that the government's characterization of the facts **[*143]** as a single, continuous scheme was a fair one. Moreover, none of the dangers of duplicity were present in this case. The government's theory of prosecution was sufficiently clear to provide adequate notice of the charges against Alsobrook and to preclude any potential for double jeopardy. The indictment did not create any evidentiary problems as a result of the single count. Finally, the district court, by instructing the jury that it must reach a unanimous decision on at least one act of interstate travel, obviated any possibility of a conviction based on a less than unanimous verdict.

Accordingly, we conclude that the indictment in this case was neither duplicitous nor otherwise prejudicial. We find it difficult to criticize the government's exercise of discretion when it redounds to the benefit of the defendant as it did in this case. More importantly, however, we are hesitant to create an inflexible rule that

would force the government to charge each punishable act as a separate count and thereby to cumulate both offenses **[**9]** and possible punishments.

We have considered the remaining issues raised by Alsobrook and find them without merit. We therefore affirm the conviction of Alsobrook.

III

Rolls contends that the district court erred in instructing the jury that it could find Rolls guilty as an aider and abettor if "he knew or should reasonably have known that Ronald Alsobrook was engaged in interstate movement or using a facility in interstate commerce." Rolls maintains that the government was required to prove that he had actual knowledge of Alsobrook's interstate travel.

The Travel Act was originally enacted to provide a means by which the federal government could aid state officials in controlling organized crime. It was directed specifically at members of organized crime who resided in one state and operated illegal enterprises in other states. See *United States v. Nardello, 393 U.S. 286, 89 S. Ct. 534, 21 L. Ed. 2d 487 (1969)*. Despite this narrow purpose, however, the language of the Travel Act is quite broad. [4.] **[**11]** See *United States*

_____

[4.] The Travel Act, *HN3*[ ] *18 U.S.C. § 1952*, provides:

(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to

(1) distribute the proceeds of any unlawful activity; or

(2) commit any crime of violence to further any unlawful activity; or

(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $ 10,000 or imprisoned for not more than five years,

620 F.2d 139, *143; 1980 U.S. App. LEXIS 17305, **11

*v. Archer, 486 F.2d 670 (2d Cir. 1973)*. In *Rewis v. United States, 401 U.S. 808, 91 S. Ct. 1056, 28 L. Ed. 2d 493 (1971)*, the Supreme Court warned "that an expansive [**10] Travel Act would alter sensitive federal-state relationships." *401 U.S. at 812, 91 S. Ct. at 1059*. On that basis, the Court held that interstate travel by customers of a gambling enterprise, even though reasonably foreseeable, was not sufficient to trigger the provisions of the Travel Act. But even after Rewis, the precise scope of the Travel Act remains in many respects undefined. 5.

The majority of the circuits have held that knowledge by a defendant of the interstate [*144] travel or of the use of an interstate facility by another is not an element of a violation of the Travel Act. See *United States v. McPartlin, 595 F.2d 1321, 1361 (7th Cir. 1979)*; *United States v. Perrin, 580 F.2d 730, 737 (5th Cir. 1978)*; *United States v. Villano, 529 F.2d 1046, 1054 (10th Cir. 1976)*; *United States v. LeFaivre, 507 F.2d 1288, 1298 (4th Cir. 1974)*; *United States v. Sellaro, 514 F.2d*

*114, 120 (8th Cir. 1973)*; *United States v. [**12] Roselli, 432 F.2d 879, 891 (9th Cir. 1970)*. These circuits therefore hold that all of the persons involved in an illegal business enterprise may be prosecuted under the Travel Act if any one of them travels in interstate commerce or uses an interstate facility. The Sixth Circuit, however, has adopted a more narrow interpretation of the Travel Act.

On two separate occasions, in *United States v. Barnes, 383 F.2d 287 (6th Cir. 1967)*, and in *United States v. Prince, 529 F.2d 1108 (6th Cir. 1976)*, this court has reversed convictions under the Travel Act for the reason that the proof was insufficient to demonstrate that the defendant knew that another person involved in the illegal business enterprise was traveling in interstate commerce or was using interstate facilities. In both cases, it is true, the court employed language to the effect that the proof failed to show that the defendant "knew or reasonably should have known" of interstate travel or of the use of interstate facilities. We conclude, however, that under the law of this circuit as established by Barnes and Prince, HN4[⬆] it was necessary for a conviction of Rolls that the jury find beyond a reasonable doubt that Rolls had actual [**13] knowledge of Alsobrook's interstate travel. Even so, we believe that the charge was sufficient, though it would have been better to have charged that actual knowledge was necessary but that if the jury concluded from all the facts and circumstances that Rolls reasonably should have had such knowledge, it could conclude that he did have such knowledge. In any case, in view of the strength of the government's proof as to the knowledge of Rolls that Alsobrook was traveling in interstate commerce, the alleged error in the charge was harmless.

The convictions of defendant Alsobrook in No. 79-5226 and defendant Rolls in No. 79-5227 are affirmed.

---

or both.

(b) As used in this section "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act, or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, or (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.

(c) Investigations of violations under this section involving liquor shall be conducted under the supervision of the Secretary of the Treasury.

5. The Seventh and Second Circuits have held that the Travel Act does not extend to those uses of interstate facilities that are minimal and incidental to the operation of the illegal business. *United States v. Herrera, 584 F.2d 1137 (2nd Cir. 1978)*; *United States v. Archer, 486 F.2d 670 (2nd Cir. 1973)*; *United States v. Altobella, 442 F.2d 310 (7th Cir. 1971)*. This court, as well as the Fourth Circuit, has rejected this construction of the Act. *United States v. Eisner, 533 F.2d 987 (6th Cir. 1976)*; *United States v. LeFaivre, 507 F.2d 1288 (4th Cir. 1974)*.

620 F.2d 139, *144; 1980 U.S. App. LEXIS 17305, **13

**End of Document**